In the Matter of SHELLEY E. ROTHMAN-BRANNING, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [957 NYS2d 916]—

Per Curiam. Respondent was admitted to practice by this Court in 1984. She was admitted to practice in Tennessee that same year, where she maintains an office for the practice of law.

By order dated August 31, 2012, the Supreme Court of Tennessee suspended respondent from the practice of law for 11 months and 29 days, with the first 60 days active suspension and the remainder on probation. The suspension order was conditioned upon respondent's performance of 40 hours of pro bono work during the probationary period. She was also directed to pay the costs associated with the disciplinary proceedings against her. The order of the Supreme Court of Tennessee was based upon entry of a conditional guilty plea by respondent in which she admitted having engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, as well as failing to properly safeguard trust account funds. The misconduct arose in connection with respondent's improper transfer of third-party funds from her firm's trust account into its operating account to pay firm expenses.

As a result of the discipline imposed in Tennessee, petitioner moves for an order imposing discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has filed a responsive affidavit, which we conclude has failed to establish any of the available defenses to the imposition of discipline (*see* 22 NYCRR 806.19 [d]), and we therefore grant petitioner's motion.

Under the circumstances presented and in the interest of justice, we conclude that respondent should be suspended from the practice of law for a period of one year. However, we stay the suspension on condition that respondent fully comply with the conditions placed upon her by the Supreme Court of Tennessee. Respondent may apply to terminate the suspension after one year from the date of this decision. Any such application shall include documentation of respondent's successful completion of the probationary suspension in Tennessee, as well as her good standing in Tennessee, and must be served upon petitioner, which may be heard thereon (*see e.g. Matter of Feldman*, 51 AD3d 1209 [2008]).

Peters, P.J., Mercure, Rose, Garry and Egan Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.